IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| TERRA TARICE COLES, ) | |
| ) | CASE NO. 17-72218-PMB |
| Debtor. ) | |
| ) | |
| JORDAN E. LUBIN, ) | |
| ) | ADVERSARY PROCEEDING |
| Plaintiff, ) | NO. 19-05208-PMB |
| ) | |
| vs. ) | |
| ) | |
| TIAA, FSB d/b/a TIAA BANK f/k/a ) | |
| EVERBANK, FSA s/b/m to EVERHOME ) | |
| MORTGAGE COMPANY, LLC, ) | |
| ) | |
| Defendant. ) | |

**MOTION TO DISMISS**

COMES NOW Defendant TIAA, FSB d/b/a TIAA Bank f/k/a EverBank, FSA s/b/m to EverHome Mortgage Company, ("TIAA"), by and through counsel, and, pursuant to Fed. R. Bankr. P. Rule 12(b)(6), files this Motion to Dismiss, with prejudice, the Amended Complaint to Avoid Lien asserted against Defendant herein.

**MEMORANDUM OF LAW**

**A.    Standard of Review**

Fed. R. Bankr. P. Rule 7012 provides that "Rule 12(b)-(i) F. R. Civ. P. applies in adversary proceedings." Fed. R. Bankr. P. Rule 7008 provides that "Rule 8 F. R. Civ. P. applies in adversary proceedings."

While Rule 8(a)(2) of the Federal Rules of Civil Procedure sets out a liberal pleading standard, a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* In deciding a Rule 12(b)(6) motion, the court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"Determining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. When doing so, the Court "must construe the complaint in a light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle [her] to relief." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008) (citing *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005)).

**B.     Plaintiff Trustee has failed to state a claim for which relief can be granted.**

Plaintiff Trustee (hereinafter "Trustee") has brought his Complaint to avoid the lien of Defendant based on his status as a hypothetical bona fide purchaser without notice pursuant to 11 U.S.C. § 544(a)(3). As grounds for his position, Trustee states that, "[b]ecause the Security Deed incorrectly lists the address and Parcel ID Number of the Property, it is defective on its face, is ineligible for recording under Georgia law, and provides no notice to the Trustee in his role as a hypothetical bona fide purchaser." (Doc. 9, Compl. ¶ 23.) Trustee may prevail only if the security

deed is voidable by a bona fide purchaser under applicable law. *See In re Krieg*, 16-72067-PMB, 2018 WL 1448743, at *2 (Bankr. N.D. Ga. Mar. 21, 2018) (citing 11 U.S.C. § 544(a)(3)). It is not.

Here, the property is located in Georgia, making the law of Georgia the applicable law. *See, e.g., Id.* at *2 (applying Georgia law to a 544 claim about real property in Georgia); *In re Mun. Corr., LLC*, 501 B.R. 119, 131 (Bankr. N.D. Ga. 2013) (same). "Under Georgia law, a bona fide purchaser may not avoid an interest of which the purchaser has notice." (Citation Omitted.) *Montgomery v. Barrow*, 286 Ga. 896, 897, 692 S.E.2d 351, 352 (2010). Even Trustee's hypothetical bona fide purchaser would have been on notice of the Security Deed at the time that the debtor filed her petition because the Security Deed was duly recorded. *See In re Krieg*, 2018 WL 1448743, at *4 (ruling that a "duly recorded" security deed provides constructive notice).

**1.    The Security Deed was duly recorded.**

Trustee claims that the Security Deed "is ineligible for recording under Georgia law." In 2006, when the Security Deed was recorded, security deeds had to "be attested or proved in the manner prescribed by law for mortgages" to be recorded. *Id.* at *3 (quoting O.C.G.A. § 44-14-61 (pre-2015) (the "Security Deed Recording Statute")). [Doc. 9, Compl. ¶ 9; Exhibit A.] Mortgages, to be admitted to record, had to "be *attested by or acknowledged* before an officer as prescribed for the attestation or acknowledgment of deeds of bargain and sale; and, in the case of real property, a mortgage must also be attested or acknowledged by one additional witness." *Id.* at *4 (quoting O.C.G.A. § 44-14-33 (pre-2015) (emphasis provided) (the "Mortgage Recording Statute") (the Security Deed Recording Statute and Mortgage Recording Statute are sometimes referred to collectively hereinafter as the "Recording Statutes").

Thus, in 2006, a security deed had to be *attested or acknowledged* by two (2) witnesses: an officer (such as a notary public) and one additional witness. The Security Deed was executed by both a Notary Public and an Unofficial Witness. Based on the plain language of the Recording Statutes, there is no question that the Security Deed was duly recorded. As such, Trustee's allegation that the Security Deed was "ineligible for recording under Georgia law" should be rejected as unsupported by applicable law.

### 2. A bona fide purchaser would be on constructive notice of the Security Deed.

Trustee further argues that, "[b]ecause the Security Deed incorrectly lists the address and Parcel ID Number of the Property, it is defective on its face . . . and provides no notice to the Trustee in his role as a hypothetical bona fide purchaser." [Doc. 9, Compl. ¶ 23.] To support his argument, Trustee relies solely on the fact the address and parcel ID Number are allegedly incorrect in the Security Deed. Trustee's argument fails on its premise. Defendant's right to recover as against the Trustee depends only on the answer to this question: at the time the Debtor filed her current bankruptcy, would a bona fide purchaser have had notice that the Property was encumbered by the Security Deed? The answer is, unequivocally, "Yes."

A bankruptcy trustee may not avoid interests that a bona fide purchaser could not avoid under state law, particularly matters of which the purchaser has constructive or inquiry notice. *See In re Mun. Corr. LLC*, 501 B.R. at 131. Under Georgia law, a purchaser of land has constructive notice of the contents of all instruments within the land's chain of title. *In re Mun. Corr., LLC*, 501 B.R. at 132. "Chain of title includes all recorded instruments pertaining to the property that are executed by an entity holding a recorded interest in the property at the time of the execution of the instrument." *VATACS Grp., Inc. v. HomeSide Lending, Inc.*, 276 Ga. App. 386, 391, 623 S.E.2d

534, 539 (2005). But notice extends not only to all records in a chain of title and their contents but to "every other fact which an examination [of the records] suggest[s]." *Deljoo v. SunTrust Mortg., Inc.*, 284 Ga. 438, 439, 668 S.E.2d 245, 246 (2008); *see also In re Mun. Corr., LLC*, 501 B.R. at 132 ("If the duty to inquire is triggered, a purchaser is deemed to have notice of everything that an inquiry would have uncovered.") (citing *Deljoo*). "Notice sufficient to excite attention and put a party on inquiry shall be notice of everything to which it is afterwards found that such inquiry might have led." O.C.G.A. § 23-1-17. Notice sufficient to excite attention means "any circumstance which would place a man of ordinary prudence fully upon his guard, and induce serious inquiry." *In re Hedrick*, 524 F.3d 1175, 1183 (11th Cir. 2008) (applying Georgia law).

The deed vesting the debtor with title and the Security Deed were recorded together, the vesting Warranty Deed at Deed Book 19353, Page 601, DeKalb County, Georgia records, and the Security Deed, at Deed Book 19353, Page 602, aforesaid records. [Doc. 9, Compl. ¶ 9; Exhibit A.] A true and correct copy of the Warranty Deed is attached hereto and incorporated herein as **Exhibit 1.**[1] Both contain the same legal description for the Property. One examining title for the debtor's

---

[1] "Rule 12(d) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Fed. R. Bankr. P. 7012(b) provides, 'If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.' The Court, however, may consider documents outside of the Complaint without converting the motion to one for summary judgment if 'the attached document is (1) central to the plaintiff's claim and (2) undisputed.'… By undisputed, courts are referring to whether the authenticity of a document is undisputed…Authenticity can be undisputed when the matters are subject to judicial notice… A matter is subject to judicial notice when it '(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot

interest would first encounter the vesting deed, note the legal description, and, then, find immediately after the Security Deed with the same legal description. Thus, anyone reviewing title would see that the debtor had conveyed the Property through the Security Deed, putting the Security Deed in the debtor's chain of title. *See, e.g.*, *In re Hagendorfer*, 803 F.2d 647, 649–50 (11th Cir. 1986) (holding that, under Alabama law, bona fide purchaser would be on notice of a mortgage despite errors in the legal description because deed into debtor contained the same defects.)

Even if the Security Deed were not in the chain of title by virtue of its use of the same legal description used in the vesting deed, it would be in the chain of title because of the Scrivener's Affidavit recorded on May 14, 2009, more than eight years before the debtor filed her bankruptcy petition. [Doc. 9, Compl. ¶ 15; Exhibit C]. Recorded affidavits, like the Scrivener's Affidavit, give constructive notice of their contents. See O.C.G.A. § 44-2-20(a). The Scrivener's Affidavit states that there are scrivener's errors in the legal description as set out in the vesting deed and the Security Deed, specifically that the legal description refers to the wrong phase number for the condominium and refers to the wrong book and page numbers for the plat book in which the condominium floor plans are recorded. The Scrivener's Affidavit also states what the vesting deed and Security Deed should have stated instead of the erroneous information. Thus, when debtor filed her petition, and Trustee acquired his rights as a hypothetical bona fide purchaser, the Scrivener's Affidavit also gave notice of the Security Deed.

---

reasonably be questioned.' Fed. R. Evid. 201(b). *In re Bay Circle Properties, LLC*, 593 B.R. 14, 20–21 (Bankr. N.D. Ga. 2018)(citations omitted.)

Additionally, a search of the lien records of DeKalb County, where the Property is located, would have revealed a Statement of Delinquent Condominium Assessments & Notice of Statutory Lien, recorded at Lien Book 530, Page 14, which cross-references the vesting deed at Deed Book 19353, Page 601, whereby Stone Gate Cottages Condominium Association, Inc. gave Debtor notice of a statutory lien against real property known as "1602 Memorial Drive, #29" for unpaid assessments as authorized in the Declaration of Condominium. A true and correct copy of the Statement of Delinquent Condominium Assessments & Notice of Statutory Lien is attached hereto and incorporated herein as **Exhibit 2**.[2] The record search would have also revealed a Notice of Statutory Lien, recorded at Lien Book 768, Page 529, whereby the Stone Gate Cottages Condominium Association, Inc. gave statutory notice of a lien against Debtor for unpaid assessments, referencing the address of 1575 Stone Gate Lane, SE, Atlanta, Georgia 30317. A record search would have revealed that the Debtor only owns, and has only ever owned, Unit 29 in the Stone Gate Cottages Condominium. A true and correct copy of the Notice of Statutory Lien is attached hereto and incorporated herein as **Exhibit 3**.[3]

In his Amended Complaint to Avoid Lien, Trustee alleges that the DeKalb County Property Appraisal Department's property profile for the Property has a Parcel ID Number of "15-207-01-103." [Doc. 9, Compl. ¶ 12.] Trustee further alleges that "the Security Deed incorrectly lists the address of the Property as '1602 Memorial Drive, SE, Unit 29, Atlanta, Georgia 30317,' and claims that the Property's Parcel ID number is '15-207C-2-66.'" [Doc. 9, Compl. ¶ 13.] A true and correct copy of the DeKalb County Property Appraisal Department's property profile as of April 20, 2009

---

[2] See Footnote 1.
[3] See Footnote 1.

at 7:52:06 AM is attached hereto as **Exhibit 4**.[4]  The property profile at that time evidences that the Debtor was the owner of property with "Parcel ID 15-207-03-103" located at "1602 Memorial Dr. 29 ATL."  The property profile states that the Debtor resides at "1575 Stone Gate Lane SE 29 Atlanta, GA. 30317-2056."  The legal description therein is "Stone Gate Cottages A Condo Phase 1&2."

The conflicts between the recorded documents in the chain of title are sufficient to excite attention. *See, e.g., Turner v. City of Tallapoosa*, 289 Ga. 138, 141, 709 S.E.2d 211, 213 (2011) (concluding that ambiguities in a legal description put a purchaser on inquiry notice that there were problems with the description). To find otherwise, one must conclude that a person of ordinary prudence who reviewed the Warranty Deed, the Security Deed, the Scrivener's Affidavit, the Condominium Declaration, Survey and Floor Plans, and the two Condominium Association Assessment Liens in connection with his pending purchase of the Property from the Debtor would part with his purchase funds without first inquiring about the different addresses in the instruments. The law does not permit such willful ignorance.

The references contained in the numerous documents of record would have lead a man of ordinary prudence to inquire, and conclude, that Debtor's ownership of Unit 29 in the Stone Gate Cottages Condominium was duly encumbered by the Security Deed.  As such, the Trustee's claim that he is a hypothetical bona fide purchaser pursuant to 11 U.S.C. § 544 such that he is entitled to avoid the lien of Defendant is without merit and is due to be dismissed for failure to state a claim upon which relief can be granted.  Accordingly, his claims flowing therefrom, specifically as to

---

[4] See Footnote 1.

preservation of avoided transfers and recovery of post-petition payments, are also due to be dismissed for failure to state a claim upon which relief can be granted.

Respectfully submitted this 9th day of August, 2019.

                                          FIDELITY NATIONAL LAW GROUP

                                          */s/ Elizabeth B. Padgett*
                                          Elizabeth B. Padgett
                                          Georgia State Bar No. 558640
                                          Austin E. James
                                          Georgia State Bar No. 472117
                                          Attorneys for Defendant

4170 Ashford Dunwoody Road, Suite 475
Atlanta, Georgia 30319
Direct (770) 325-4815
Fax: (404) 479-2591
elizabeth.padgett@fnf.com

Return to:
Morris|Hardwick|Schneider, LLC
41B Lenox Pointe
Atlanta, GA 30324
File #: LEN-060900869S

Deed Book 19353 Pg 601
Filed and Recorded Nov-09-2006 04:24pm
2006-0209130
Real Estate Transfer Tax $123.00
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

# WARRANTY DEED

State of Georgia
County of Fulton

THIS INDENTURE made this 18th day of September, 2006, between
**Etchane J. Williams**
as party or parties of the first part, hereinafter called Grantor, and

**Terra Coles**

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH that: Grantor, for and in consideration of the sum of TEN AND 00/100 DOLLARS ($10.00) and other good and valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee, the following described property:

All that tract or parcel of land lying and being in Land Lot 207, of the 15th District, DeKalb County, Georgia, and being more particularly described as condominium Unit 29, Phase II, Stone Gate Cottages, A Condominium, as shown on a plat of survey recorded in Condominium Plat Book 122, Page 63, DeKalb County, Georgia Records, and as shown in Floor Plans recorded at Condominium Plat Book 122, Pages 56-62, together with all right title and interest in said condominium and restrictions for Stone Gate Cottages Condominiums, recorded in Deed Book 12248, Page 782, DeKalb County, Georgia Records, which Plat, Plans and Declaration and all recorded amendments thereto are, by reference, incorporated herein and made a part hereof.
This conveyance is made subject to all the provisions in said declaration and the Georgia Condominium Act, Official Code of Georgia Annotated, Section 44-3-70 ET SEQ. The property herein conveyed is intended solely for use as provided in said declaration.

1602 Memorial Drive SE, Unit 29, Atlanta, GA 30317
Tax ID: 15-207C-2-66

Subject to all easements and restrictions of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee, forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons whomsoever.

IN WITNESS WHEREOF, Grantor has hereunto set grantor's hand and seal this day and year first above written.

Signed, sealed and delivered in the presence of:

_____
Witness

_____ (Seal)
Etchane J. Williams

_____ (Seal)

Notary Public
My Commission Expires:

Deed_Ga_WarrantyDeed                                                                                          LEN-060900869S

**EXHIBIT 1**

STATE OF GEORGIA
COUNTY OF COBB

Return To:
Rome & Associates, P.C.
Attn: Michael Rome, Esq.
707 Whitlock Ave., Ste E-15
Marietta, GA 30064
(770) 428-6002
*FAX Closing Letter Requests*
*To:* (770) 428-7458

LIEN BOOK 530   Pg 14
20076556
Filed and Recorded:
12/28/2007 4:30:43 PM

Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

CROSS REFERENCE: Deed Book 19353, Page 601.

## STATEMENT OF DELINQUENT CONDOMINIUM ASSESSMENTS & NOTICE OF STATUTORY LIEN

NOTICE is hereby given that STONE GATE COTTAGES CONDOMINIUM ASSOCIATION, INC. ("Association") has a statutory lien against the recorded and reputed owner(s) known as:

TERRA COLES ("Owner") and is also against the real property being known as:

1602 MEMORIAL DRIVE, #29,, ATLANTA, GA 30316
DEKALB COUNTY, STATE OF GEORGIA

THE STATUTORY LIEN was authorized pursuant to the terms of the Georgia Condominium Act, Sections 44-3-109(a) and (b) ("Act") and authority granted by the Declaration of Condominium ("Declaration"), and arises out of the Owner's failure to pay assessments and other charges levied by the Association. The below statement of delinquent assessment amounts is given pursuant to Section 44-3-109 (d) of the Act.

THIS LIEN shall from the time the sums became due and payable, be the personal obligation of the Owner and shall have priority to all other liens as provided in the Declaration and/or Act. Now, therefore, the following amounts are presently due to the Association:

Delinquency-   1,405.00    Collection Fees-  75.00    Cancellation Fees-75.00
Recording Costs-  10.00    Filing Fees-   150.00

The total amount due at this time is: **$1,715.00.**

Interest Accrues at 10% per annum.

**ADDITIONAL DEBTS, SUCH AS ASSESSMENTS, PENALTIES AND INTEREST ARE ACCRUING AND WILL CONTINUE TO ACCRUE. AND THE ASSOCIATION'S FILING AGENT LISTED AT THE TOP OF THIS NOTICE MUST BE CONTACTED FOR AN UPDATE TO THE STATEMENT OF DELINQUENT ASSESSMENTS.**

If the amount due is not paid, the Association has the authority to bring either an action at law against the owner personally, or an action to foreclose the lien against said Lot, or both, for the purpose of collecting such assessments, charges, interest and costs of collection including reasonable attorneys fees actually incurred. The Association has the authority to sell said Lot to this lien at auction, at the usual place for conducting sales at the Court House of Dekalb County, Georgia, to the highest bidder for cash, after advertising the time, terms and place of such sale once a week for four weeks immediately preceding such sale in the paper in which the Sheriff's advertisements for Dekalb County, Georgia are published.
*This is an attempt to collect a debt by a debt collector, and any information will be used for that purpose.*

Dated: December 4, 2007

_____
Michael A. Rome, Esq.
GA BAR # 613945

(Authorized Representative for the Association)
STONE GATE COTTAGES CONDOMINIUM ASSOCIATION, INC.

EXHIBIT
2

Return to: Lazega & Johanson LLC
3520 Piedmont Rd. NE, Ste. 415
Atlanta, Georgia 30305
Attention: Stephanie Huffstutler

STATE OF GEORGIA

COUNTY OF DEKALB



2009075191  LIEN BOOK 768  Pg 529

Filed and Recorded:
4/6/2009 9:09:20 AM
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

## NOTICE OF STATUTORY LIEN

Stone Gate Cottages Condominium Association, Inc., hereby gives notice of a statutory lien on the lot located at 1575 Stone Gate Lane SE Atlanta GA 30317 being the property of **TERRA COLES**. Pursuant to O.C.G.A. § 44-3-109, the lien is for unpaid assessments, late fees, interest, the cost of collection and reasonable attorney's fees actually incurred in the amount of $484.74.

This 30th day of March, 2009.

Derek W. Johanson
Georgia Bar No. 392010
Attorney for the Association

Lazega & Johanson LLC
3520 Piedmont Rd. NE, Ste. 415
Atlanta, Georgia 30305
(404) 350-1192

1243.117

EXHIBIT 3

DeKalb County, Property Appraisal Intranet                                                                      Page 1 of 1





*Property Ap*

**Property Appraisal Department**

120 West Trinity Place
Room 208
Decatur, GA 30030
Phone: 404-371-0841
Directions

Home
Real Estate Data
Business Personal Property Data
Business Personal Property
--- eFile Tax Return
Data Product
Returned Mail
Forms
General Information
Exemptions
Appraisal Process
Appeal Process
Appraisal Definitions
Tax Digest
Statistics
Board Of Assessors
Useful Links
FAQ
Contact Us
Reports

DeKalb County Intranet

County Map

**Property Overview**      4/20/2009 7:52:06 AM      [Back]

**Parcel ID:      15 207 03 103**

To view map, click on parcel ID number. You may need to download Adobe Acrobat Reader. It is a

### Owner Information

| | | | |
|---|---|---|---|
| Tax District | 61 - Atlanta | Zoning | RM75 - Mul Family Res Dist |
| Owner | Coles Terra | Land Use | 1051 |
| Co-Owner | | Land Unit | 1 |
| Owner Address | 001575 Stone Gate Ln SE 29 Atlanta, GA 30317-2056 | Legal Description | STONE GATE COTTAGES A CONDO PHASE-1&2 |
| Property Address | 1602 Memorial Dr 29 ATL | | |

### Building Characteristics

| | | | |
|---|---|---|---|
| Year Built | 2001 | Heated Space | 702 |
| Condition Code | A - Average | Basement Area | 0 Sq. Ft. |
| Quality Grade | 015 - Average | % Bsmt Finished | 0 % |
| Air Conditioning | Y | Bedrooms | 2 |
| Fireplace | 0 | Bathrooms | Full  Hal |
| Stories | 1 | | 1    0 |
| Square Footage | 702 | | |

### Current Appraised & Assessment Value

| Tax Year | Land Value | Bldg Value | Misc Imp | Total Appraised | Assessme |
|---|---|---|---|---|---|
| 2009 | $25,200 | $96,200 | $0 | $121,400 | $48,5 |

### Sales History

| Book/Page | Sale Date | Deed Type | Sale Condition | |
|---|---|---|---|---|
| 19353-00601 | 09/18/2006 | WD - Warranty Deed | 0 - Valid Sale/Fmv | |
| 13896-00334 | 11/05/2002 | LW - Limited Warranty Deed | 0 - Valid Sale/Fmv | |
| 11945-00738 | 03/13/2001 | LW - Limited Warranty Deed | S - New Subd Original Deed | |

[Sales Data Search]   [Detailed Property Data]   [Property Tax D]

Official DeKalb County Website                                           Disclaimer

**EXHIBIT 4**

http://indekalb/departments/TaxAssessor/realDisplay.asp                    4/20/2009

## CERTIFICATE OF SERVICE

I hereby certify that I have on this day served the foregoing pleading by electronic filing through ECF as follows:

    Trustee's Counsel
    Gregory D. Ellis, Esq.
    gellis@lcenlaw.com

DATED this 9th day of August, 2019.

    FIDELITY NATIONAL LAW GROUP

    */s/ Elizabeth B. Padgett*
    Elizabeth B. Padgett
    Georgia State Bar No. 558640
    Austin E. James
    Georgia State Bar No. 472117
    Attorneys for Defendant

4170 Ashford Dunwoody Road, Suite 475
Atlanta, Georgia 30319
Direct (770) 325-4815
Fax: (404) 479-2591
elizabeth.padgett@fnf.com